# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

KELLY ROOT and THOMAS JOYCE, )
)
Plaintiffs, )
)
v. )
) C.A. No. N20C-05-156 CLS
MAIDPRO WILMINGTON, )
THRESHOLD BRANDS LLC, )
MAIDPRO FRANCHISE, LLC, )
DAISY PEREZ, CASH IN JEWELRY )
AND PAWN INC., and JUAN )
CARIDE a/ka JUAN CARIDE- )
HERNANDEZ, )
)
Defendants. )

Date Submitted: December 6, 2022
Date Decided: February 23, 2023

*Upon Plaintiffs' Motion for Reargument.* **DENIED.**

## ORDER

Josiah R. Wolcott, Esquire, Connolly Gallagher LLP, Newark, Delaware, 19711, Attorney for Plaintiffs, Kelly Root and Thomas Joyce.

John G. Harris, Esquire, and Peter C. McGivney, Esquire, Berger Harris LLP, Wilmington, Delaware, 19801, Attorneys for Defendants Threshold Brands, LLC and MaidPro Franchise, LLC.

Shae Chasanov, Esquire, Tybout, Redfearn & Pell, Wilmington, Delaware, 19899, Attorney for Defendant MaidPro Wilmington.

Periann Doko, Esquire, Kent McBride, Wilmington, Delaware, 19809, Attorney for Defendants Cash In Jewelry and Pawn, Inc. and Juan Caride.

**SCOTT, J.**

1

## INTRODUCTION

Before the Court is Kelly Root and Thomas Joyce's ("Plaintiffs") Motion for Reargument ("Motion") on this Court's Order of Dismissal of their *responeat superior* claim against Defendant MaidPro Franchise, LLC ("MaidPro"). Upon reviewing Plaintiffs Motion and MaidPro's opposition, the Motion is **DENIED** for the following reasons.

## BACKGROUND/ALLEGED FACTS

MaidPro Franchise, LLC is the franchisor of the MaidPro brand. Plaintiffs' Second Amended Complaint alleged *Respondeat superior*/vicarious liability, negligent hiring, civil conspiracy, and intentional/negligent infliction of emotional distress stemming from MaidPro Wilmington's former employee, Daisy Perez ("Ms. Perez"), entered their home through an unlocked door and stealing valuables. Plaintiffs allege MaidPro can be held liable as franchisors because MaidPro controls the daily operations of MaidPro Wilmington, the specific franchisee who hired Ms. Perez, because the franchisors require franchisees to use the set models and systems established.

On or about June 13, 2018, MaidPro Wilmington hired Ms. Perez. On June 22, 2018, due to the findings of her background report, MaidPro Wilmington terminated Ms. Perez, ending their employer/employee relationship.

In October of 2018, Plaintiffs, while they were on vacation, claim Ms. Perez unlawfully entered their home and stole personal property. Ms. Perez has been held criminally liable for the crimes committed against Plaintiffs.

On July 28, 2022, MaidPro filed a Motion to Dismiss the Second Amended Complaint. On November 17, 2022, upon review of the Motion to Dismiss and Plaintiffs' Response, this Court granted the Motion to Dismiss. For the respondeat superior claim, the Court granted the Motion to Dismiss because: (1) Plaintiffs state that Ms. Perez was not an employee of MaidPro Wilmington at the time of the burglary as they contend on June 22, 2018, Ms. Perez was terminated. The burglary did not occur until October of 2018, therefore Ms. Perez was no longer an employee at the time of the act. As a matter of law, Ms. Perez was not acting in the scope of her employment with MaidPro, (2) the Court looked to the factors outlined in the Restatement 2nd and made a finding that the unauthorized conduct is not within the scope of employment, and (3) the Court found Plaintiffs *respondeat superior* claim failed because they are attempting to hold MaidPro, a parent company, liable for the acts of their subsidiary, MaidPro Wilmington and failed to allege that the MaidPro's control over MaidPro Wilmington was actual, participatory, and total.

On November 28, 2022, Plaintiffs filed this instant Motion. They argue this Court did not analyze Plaintiffs' agency claims or discuss the franchisor-franchisee

relationship relying on *Patel v. Sunvest Realty Corp.*[1] as "controlling". They also argue this Court's Order is inconsistent with the Court's prior "decision" from February 2022 denying MaidPro Wilmington's motion to dismiss Plaintiffs' Amended Complaint.

## STANDARD OF REVIEW

On a Motion for Reargument under Superior Court Rule of Civil Procedure 59(e), the Court will determine from the motion and answer whether reargument will be granted and the only issue is whether the Court overlooked something that would have changed the outcome of the underlying decision.[2] Thus, the motion will be granted only if "the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[3] A Motion for Reargument is not an opportunity for a party to rehash the arguments already decided by the Court or to present new arguments not previously raised.[4] A party seeking to have the Court reconsider the earlier ruling must, "demonstrate newly discovered evidence, a

---

[1] 2018 WL 4961392 (Del. Super. Ct. Oct. 15, 2018)

[2] *Brenner v. Vill. Green, Inc.*, 2000 WL 972649, at *1 (Del. Super. May 23, 2000) aff'd, 763 A.2d 90 (Del. 2000).

[3] *BRP Hold Ox, LLC v. Chilian*, 2018 WL 6432978, at *1 (Del. Super. Dec. 6, 2018) (quoting *Kennedy v. Invacare, Inc.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006)).

[4] *Kennedy*, 2006 WL 488590, at * 1.

change in the law, or manifest injustice."[5] "Delaware law places a heavy burden on a [party] seeking relief pursuant to Rule 59."[6]

## DISCUSSION

***Although the Court miscategorized the relationship between MaidPro and MaidPro Wilmington as parent/subsidiary, the Motion is DENIED because such error does not change the outcome of the underlying opinion.***

Plaintiffs ask the Court to look at *Patel*, which this Court clarifies is persuasive, not controlling. In the *Patel* case, a real estate broker worked for a franchisee of RE/MAX, LLC ("franchisor") from 1986-2017.[7] During his time of employment with the franchisee, the broker convinced several friends and acquaintances to invest in real property in return for monthly interest payments.[8] After he failed to make monthly interest payments as promised, one of the noteholders found out he was no longer employed by the franchisee.[9] The broker subsequently filed for bankruptcy and the noteholders learned most of their funds were never invested in real property.[10] The noteholders brought an action against the franchisor for respondeat superior liability for the acts of the franchisee's broker.[11]

---

[5] *Brenner*, 2000 WL 972649, at *1.
[6] *Newborn v. Christiana Psychiatric Serv., P.A.*, 2017 WL 394096, at *2 (Del. Super. Jan. 25, 2017)
[7] *Patel*, 2018 WL 4961392, at *1.
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*

5

According to *Patel*, a plaintiff may hold a franchisor vicariously liable by establishing the franchisor had actual or apparent agency relationship with its franchisee.[12] *Patel* found the plaintiffs sufficiently alleged the franchisor had apparent authority over the franchisee because it alleged the franchisee's signs, email signature, and documents all bore franchisees name and trademark, and plaintiffs relied on franchisors name and brand quality.[13] *Patel*, as well as other cases similar citing to in the opinion are distinguishable from the facts in this case because unlike Patel, Ms. Perez was not an employee at the time the incident occurred. This Court could not find any caselaw relating to franchisee liability for a criminal act of a former employee of a franchisor. As such, this case must be distinguished from other franchisee liability cases.

*Actual Authority*

Under Delaware law, a "franchisor may be held to have an actual agency relationship with its franchisee when the former controls or has the right to control the latter's business."[14] Where a franchise agreement exists and it goes "beyond the

---

[12] *Patel*, 2018 WL 4961392, at *5.
[13] *Id.*
[14] *Billops v. Magness Constr. Co.*, 391 A.2d 196, 197 (Del.1978).

stage of setting standards, and allocates to the franchisor the right to exercise control over the daily operations of the franchise, an agency relationship exists."[15]

In *Cumpston v. McShane*,[16] the Court analyzed actual agency in a motion for summary judgment motion. The motion for summary judgment motion was denied on the issue of actual authority because the Court found there was a genuine issue of material fact as to whether the employee who caused injury to third persons was a servant/employee or an independent contract *at the time of the accident*.[17] The Court finds the italicized language to be critical in the analysis of actual agency under these facts. Plaintiffs have made it clear that Ms. Perez was not an employee or independent contract at the time of the burglary. Therefore, having alleged this fact, they admit there was no actual authority at the time of the incident.

*Apparent authority*

The concept of apparent authority focuses not upon the actual relationship of a principal to the agent, but the reasonable perception of the relationship by a third party.[18] Where a principal represents through apparent authority that "another is his servant and causes a third person to justifiably and reasonably rely upon the care and

---

[15] *Id.*
[16] 2009 WL 1566484 (Del. Super. Ct. June 4, 2009).
[17] *Id* at *3.
[18] *Billops*, 391 A.2d at 198.

skill of such apparent agent[,]" the principal will bear the same liability as if the agent had actual authority.[19] Liability may ensue from a principal's representation of apparent authority to a specific individual or the general public.[20] The concept of apparent authority does not apply here because Ms. Perez no longer maintained any employment relationship with MaidPro Wilmington, as alleged by Plaintiffs. Therefore, Plaintiffs could not justifiably and reasonably rely upon the care and skill of Ms. Perez, who had not been employed with MaidPro for four months at the time of the incident.

Because Plaintiffs admit Ms. Perez was not an employee at the time of the circumstances under no set of facts would the Court find they properly allege actual or apparent authority. As such the denial of the Motion to Dismiss Plaintiffs' Second Amended Complaint would not change.

***The Court's prior "decision" from February 2022 denying MaidPro Wilmington's motion to dismiss Plaintiffs' Amended Complaint is not inconsistent with the Court's granting of the MaidPro's Motion to Dismiss Plaintiffs' Second Amended Complaint on November 17, 2022.***

Plaintiffs insist, again, this decision is inconsistent with the Court's February 2022 denial of MaidPro Wilmington's Motion to Dismiss. This exact argument was made previously and was addressed by the Court, so it is not properly raised now as

---

[19] *Singleton v. Int'l Dairy Queen, Inc.*, 333 A.2d 160, 163 (Del.Super.1975) (citing RESTATEMENT (SECOND) OF AGENCY § 267); *Billops*, 391 A.2d at 198.
[20] *Billops*, 391 A.2d at 198.

no new information is being offered. However, the Court will readdress the issue for Plaintiffs' understanding. On April 14, 2021, MaidPro Wilmington filed a Motion to Dismiss relying on facts outside of the pleadings, Ms. Perez's deposition testimony, affidavit from President of MaidPro Wilmington, and employment document regarding an employee's introductory period, consideration of these exhibits/testimony goes beyond the scope of the pleadings. The Court denied MaidPro Wilmington's Motion to Dismiss only because the Motion would be more appropriately filed as a Motion for Summary Judgment. It did not make any determinations as the substance of the arguments presented in the previous Motion to Dismiss. The amended complaint was subsequently amended, Second Amended Complaint, again on June 1, 2022. On July 28, 2022, the Motion to Dismiss Plaintiffs' Second Amended Complaint was filed by MaidPro, separate and apart from MaidPro Wilmington. Because MaidPro's Motion did not rely on facts outside of the pleadings, like MaidPro Wilmington's Motion to Dismiss did, the Motion was appropriately filed as a Motion to Dismiss, and the Court then addressed the Motion based on the allegations contained within the Second Amended Complaint as Delaware Rules required under a 12(b) Motion. There is no inconsistency present.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Reargument is **DENIED**.

**IT IS SO ORDERED.**

<u>/s/ Calvin L. Scott</u>
**Judge Calvin L. Scott, Jr.**